a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DESMOND DEONDRE SCARBOROUGH #512711,<br>Plaintiff | CIVIL DOCKET NO. 1:23-CV-01695<br>SEC P |
| VERSUS | JUDGE DRELL |
| RAPIDES PARISH DETENTION CENTER I ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 filed by pro se Plaintiff Desmond Deondre Scarborough ("Scarborough"). Scarborough is a pretrial detainee at the Rapides Parish Detention Center I ("RPDC-I"). He alleges the violation of his constitutional rights by 27 Defendants.

Because additional information is needed to review Scarborough's Complaint, he must AMEND.

I. Background

Scarborough presents numerous, unrelated allegations of constitutional violations over the course of one year against a several Defendants.

First, Scarborough alleges that, on November 28, 2022, he slipped on water leaking from pipes in his cell. ECF No. 1 at 4, 6. He asserts that he suffered pain in

1

his head, neck, back, and right hip. *Id.* at 6. He "had to get x-rays," but he does not provide any diagnostic findings.

Next, Scarborough alleges constitutional violations in December 2022 and January 2023. Scarborough asserts that Officers Phibbs and Fuller went to his cell and told him to pack up his property. *Id.* at 6. When Scarborough questioned the officers' reasons, they "pulled" him from his top bunk and "slammed" him to the floor. Officer Phibbs allegedly twisted Scarborough's arm behind his back. *Id.* Scarborough also asserts that he was choked from behind and punched in his mouth and side. *Id.* At Officer Phibbs's direction, Officer Fuller deployed a Taser to Scarborough's leg and punched him in the side. *Id.*

Following the incident, Lt. Taylor instructed Officer Phibbs to transport Scarborough to the hospital. *Id.* Officers Phibbs and Holt brought Scarborough to the garage for transport and "slammed" him around in the wheelchair. *Id.*

After returning from the hospital, Scarborough was placed in lockdown. *Id.* at 7. Scarborough asserts that he was rarely let out of his cell, was subjected to inmates throwing feces and urine at him, and he was not allowed to shower for "nearly two weeks." *Id.* at 7.

A week later, Scarborough was "knocked out" by his cellmate. *Id.* When Officer Phibbs responded, he put his foot on Scarborough's back and "pressed down hard." *Id.* at 7. Although Nurse Bowie responded to the incident, she provided no medical care. *Id.*

The following week, Scarborough and Inmate Tremaine Veal ("Veal") were allowed out of their cells at the same time. *Id.* at 8. Veal approached Scarborough stating that he would take Scarborough's shoes. Veal then punched Scarborough in the face and held a sharp object to his neck. *Id.* Scarborough's chest was cut while removing his shoes. *Id.*

Scarborough reported the incident the following day, informing Guards Holt, Cox, and an unknown guard, that Scarborough had been "set up" by the guards working the previous day. *Id.* Scarborough was provided an ice pack and moved to another dorm. *Id.*

Scarborough began to receive threats in his new dorm because Veal "put a hit" on him. *Id.* Scarborough reported the threats to Officers Gordon and Phibbs, who informed him that he was being returned to Veal's dorm. *Id.* Scarborough objected, so Officer Phibbs twisted Scarborough's arm behind his back, and Lt. Gordan deployed his Taser. *Id.*

The officers escorted Scarborough back to his dorm and placed him alone in a cell with "every inmate" threatening him. *Id.* at 10. Another inmate threw urine at Scarborough. On January 9, 2023, Scarborough was moved to another dorm. *Id.*

Next, Scarborough also alleges that he was subjected to "sexual assault" by Ms. Morran, Vicky Messar, Ms. Lattrell, Guard Brisbon, when they touched his buttocks between August and October 2023. ECF No. 1 at 14, 16. He also asserts that he was subjected to verbal abuse by Officer Jones. *Id.*

Scarborough alleges that Nurse Bowie and Debbie Green have denied him medical treatment for a hernia, blood in his urine, and mental health care. ECF No. 1 at 11.

Scarborough alleges that, on September 16, 2023, Officer Latrell and Ms. Smith opened his legal mail and made copies. *Id.* at 22. And on November 11, 2023, his legal mail was opened by an unknown person. *Id.*

Scarborough also complains of general conditions of confinement at RPDC-I. He alleges that inmates are required to purchase soap in the commissary; dorms are unsanitary; inmates are allowed to smoke indoors; he has been provided food trays with overcooked chicken or food that has been touched by Defendant Brisbon; he is subjected to extreme cold and hot temperatures; he has been deprived of outdoor exercise and subjected to prolonged isolation; and he was not protected from catching COVID-19. ECF No. 1 at 15-20.

Finally, Scarborough alleges that Detective Shelby Anderson and Detective John Skrobareck illegally "put a hold" on him for arrest and slandered his name at his preliminary examination. *Id.* at 21. He complains that District Attorney Kelvin Sanders and Judge Mary Doggett have deprived him of his right to a speedy trial; his detention is unlawful; and he is receiving ineffective assistance of counsel from Eric Talley. *Id.*

## II. Law and Analysis

Scarborough joined 27 Defendants and various claims spanning the course of one year. ECF No. 1-1 at 2. When a litigant asserts diverse claims against multiple

4

defendants, the courts may sua sponte consider whether the parties and claims are properly joined in one action. *See* Fed. R. Civ. P. 21; *Bonner v. Bosworth*, 3:10-CV-2150, 2010 WL 11534476, at *1 (N.D. Tex. Nov. 30, 2010), *report and recommendation adopted*, 2011 WL 13199228 (N.D. Tex. May 2, 2011); *Richardson v. Proctor & Gamble*, No. 3:07-CV-2038-K, 2008 WL 483337, at *2 (N.D. Tex. Feb. 18, 2008); *see also Kling Realty Co. v. Chevron USA, Inc.*, 575 F.3d 510 (5th Cir. 2009) (affirming dismissal of improperly joined defendant; finding that the plaintiffs' "conclusory allegations [did] not establish a reasonable possibility of recovery against" it).

No Defendants are identified in the slip and fall claim from November 22, 2022, or the general conditions of confinement claims, other than Defendant Brisbon. Scarborough must identify those Defendants he claims are liable for: his slip and fall in the dorm; requiring him to purchase soap in the commissary; unsanitary dorms; inmates being allowed to smoke indoors; being subjected to extreme cold and hot temperatures; being deprived of outdoor exercise and prolonged isolation; and failing to protect him from catching COVID-19. ECF No. 1 at 15-20.

Additionally, Scarborough must present a "short and plain statement" showing that he is entitled to relief, rather than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); Fed. R. Civ. P. 8(a)(2). Scarborough must allege:

1. the dates on which he was deprived of outdoor exercise, by whom, and what injury he suffered;

2. the dates on which he was subjected to extreme cold and hot temperatures, by whom, and the injury he suffered;

3. the dates on which he was held in isolation, by whom, and the injury suffered.

After Scarborough provides the requested information, the Court will determine which claims should be severed and afford Scarborough another opportunity to amend accordingly.

### III. Conclusion

Because additional information is needed to review Scarborough's Complaint, IT IS ORDERED that Scarborough AMEND as instructed within 30 days of the date of this Order.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Scarborough is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Monday, July 1, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE