a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DESMOND DEONDRE                              CIVIL DOCKET NO. 1:23-CV-01695
SCARBOROUGH #512711,                                                    SEC P
Plaintiff

VERSUS                                                            JUDGE DRELL

RAPIDES PARISH DETENTION          MAGISTRATE JUDGE PEREZ-MONTES
CENTER I ET AL,
Defendants

---

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint and several Amended Complaints under 42 U.S.C. § 1983 filed by pro se Plaintiff Desmond Deondre Scarborough ("Scarborough"). At the time of filing, Scarborough was a pretrial detainee at the Rapides Parish Detention Center I ("RPDC-I"). He alleges the violation of his constitutional rights by numerous Defendants.

Because Scarborough only states a viable constitutional claim against Officers Phipps and Fuller, all other claims should be DENIED and DISMISSED WITH PREJUDICE.

I.    Background

Scarborough presents numerous, unrelated allegations of constitutional violations over the course of one year against several Defendants at RPDC-I.

First, Scarborough alleges that, on November 28, 2022, he slipped on water that leaked from under the sink in his cell.  ECF No. 1 at 4, 6.  He asserts that Warden Carmouche and Assistant Warden Sasser knew about the leak because they have access to video surveillance.  He also alleges that Mr. Mark, the maintenance supervisor, was aware of the leak based on video surveillance and multiple work orders.

Scarborough claims that the fall caused pain in his head, neck, back, and right hip.  *Id.* at 6.  X-rays revealed no fractures, but he was diagnosed with swelling and a contusion.  ECF No. 48.

Next, Scarborough alleges that Officers Phipps and Fuller went to his cell on December 24, 2022, and told him to pack up his property.  *Id.* at 6.  When Scarborough questioned the officers' reasons, they "pulled" him from his top bunk and "slammed" him to the floor.  Officer Phipps allegedly twisted Scarborough's arm behind his back.  *Id.*  Scarborough also asserts that he was choked from behind and punched in his mouth and side.  *Id.*  At Officer Phipps's direction, Officer Fuller deployed a Taser to Scarborough's leg and punched him in the side.  *Id.*

Following the incident, Lt. Taylor instructed Officer Phipps to transport Scarborough to the hospital.  *Id.*  Officers Phipps and T. Holt brought Scarborough to the garage for transport and "slammed" him around in the wheelchair.  *Id.*

After returning from the hospital, Scarborough was placed in lockdown.  *Id.* at 7.  Scarborough asserts that he was rarely let out of his cell, was subjected to inmates

throwing feces and urine at him, and he was not allowed to shower for "nearly two weeks." *Id.* at 7.

On January 3, 2023, Scarborough was "knocked out" by his cellmate. ECF No. 1 at 7. When Officer Phipps responded, he put his foot on Scarborough's back and "pressed down hard." *Id.* Although Nurse Bowie responded to the incident, she provided no medical care. *Id.*

The following week, Scarborough and Inmate Tremaine Veal ("Veal") were allowed out of their cells at the same time. *Id.* at 8. Veal approached Scarborough stating that he would take Scarborough's shoes. Veal then punched Scarborough in the face and held a sharp object to his neck. *Id.* Scarborough's chest was cut while removing his shoes. *Id.*

Scarborough reported the incident the following day, informing Guards Holt, Cox, and an unknown guard, that Scarborough had been "set up" by other guards. *Id.* Scarborough was provided an ice pack and moved to another dorm. *Id.*

Scarborough began to receive threats in his new dorm because Veal allegedly "put a hit" on him. *Id.* Scarborough reported the threats to Officers Gordon and Phipps, who informed him that he was being returned to the dorm. *Id.* Scarborough objected, so Officer Phipps twisted Scarborough's arm behind his back, and Lt. Gordon threatened Scarborough with his taser. ECF No. 1 at 10.

The officers escorted Scarborough back to his dorm and placed him alone in a cell. *Id.* at 10. He was subjected to threats from inmates, and an inmate threw urine at him. On January 9, 2023, Scarborough was moved to another dorm. *Id.*

Next, Scarborough alleges that he was subjected to "sexual assault" by Ms. Morran, Vicky Messar, Ms. Lattrell, and Guard Brisbon, when they touched his buttocks between August and October, 2023.  ECF No. 1 at 14, 16.  He also asserts that he was subjected to verbal abuse by Officer Jones.  *Id.*

Scarborough alleges that Nurse Bowie and Debbie Green have denied him medical treatment for a hernia, blood in his urine, and mental health care.  ECF No. 1 at 11.

Scarborough alleges that, on September 16, 2023, Officer Latrell and Ms. Smith opened his legal mail and made copies (*Id.* at 22);  on November 11, 2023, his legal mail was opened by an unknown person (*Id.*); and on May 5, 2024, Ms. Brown handed him mail that had been opened (ECF No. 23 at 2).

Scarborough also complains of various incidents and conditions at RPDC-I.  He alleges that inmates are required to purchase soap in the commissary; dorms are unsanitary; inmates are allowed to smoke indoors; he has been provided food trays with overcooked chicken or food that has been touched by Defendant Brisbon; he is subjected to extreme cold and hot temperatures; he has been deprived of outdoor exercise and subjected to prolonged isolation; and he was not protected from catching COVID-19.  ECF No. 1 at 15-20.

Finally, Scarborough alleges that Detective Shelby Anderson and Detective John Skrobareck illegally "put a hold" on him for arrest and slandered his name at his preliminary examination.  *Id.* at 21.  He complains that District Attorney Kelvin Sanders and Judge Mary Doggett have deprived him of his right to a speedy trial; his

detention is unlawful; and he is receiving ineffective assistance of counsel from Eric Talley. *Id.*

Scarborough was ordered to amend his Complaint to allege: (1) the dates on which he was deprived of outdoor exercise, by whom, and what injury he suffered; (2) the dates on which he was subjected to extreme cold and hot temperatures, by whom, and the injury he suffered; and (3) the dates on which he was held in isolation, by whom, and the injury suffered.  ECF No. 32.  Scarborough's amendment, however, fails to provide this information.

## II.     Law and Analysis

### A.     Scarborough's Complaint is subject to preliminary screening.

As a pretrial detainee seeking redress from an officer or employee of a governmental entity, Scarborough's Complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because Scarborough is proceeding *in forma pauperis*, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.[1]

---

[1] A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

B.    Scarborough fails to state a viable constitutional claim for his slip and fall.

A jail official's treatment of a pretrial detainee is governed by the substantive protections of the Due Process Clause of the Fourteenth Amendment. Upon conviction, such treatment is evaluated under the Eighth Amendment's prohibition against cruel and unusual punishment. The Due Process Clause protects a detainee's right to be free from punishment prior to an adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 535–36.

The appropriate standard to apply in analyzing a constitutional challenge by a pretrial detainee depends upon whether the challenge is an attack on a condition of confinement or a complaint about one or more episodic acts or omissions. *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996). For an episodic act case, a plaintiff must allege that the defendants had actual, subjective knowledge of a substantial risk of serious harm but responded with deliberate indifference to the known or perceived risk. *Id.* The deliberate indifference standard is also the standard applicable in the Eighth Amendment context. *Id.* at 643–44.

---

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Scarborough's allegations regarding his slip and fall presents a claim of an episodic act or omission. Therefore, Scarborough must allege deliberate indifference. Scarborough asserts that Defendants Carmouche and Sasser knew about the leaking sink based on their access to video surveillance, and that the maintenance supervisor was aware of the leak from prior work orders. Nonetheless, he does not allege that Defendants had a subjective intent to cause him harm.

Additionally, the Fifth Circuit has held that a slippery floor, "although a potential hazard, is a daily risk faced by members of the public at large." *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (citation and internal quotation marks omitted); *Garza v. Lubbock Cnty. Det. Ctr.*, 5:24-CV-009, 2025 WL 1287923, at *3 (N.D. Tex. 2025), *report and recommendation adopted*, 2025 WL 1287913 (N.D. Tex. 2025). "Thus, even if prison officials are aware of a slippery floor, that condition does not satisfy the objective prong of the deliberate indifference standard because a slippery floor does not establish that [a detainee] was exposed to a substantial risk of serious harm." *Id.* (citing *Coleman*, 745 F.3d at 764–65); *see also, e.g.*, *Atkins v. Sheriff's Jail Avoyelles Par.*, 278 F. App'x 438, 439 (5th Cir. 2008) (officials' failure to repair leaks that caused puddles and led to inmate's fall amounted only to "unreasonableness or negligence, neither of which establishes" a constitutional violation); *Noble v. Grimes*, 350 F. App'x 892, 893 (5th Cir. 2009) (per curiam) (complaint for injuries sustained from slip and fall in standing water in prison shower area amounted to negligence at most and was insufficient to raise claim of deliberate indifference, even though defendants were aware of the standing water and failed to

take preventive action); *McLaughlin v. Farries*, 122 F. App'x 692, 693 (5th Cir. 2004) (per curiam) (plaintiff failed to state claim for deliberate indifference after "he slipped on water that had accumulated on the floor of his cell due to a leaky air conditioning unit," despite his allegation that defendants were aware of the leak and did not clean up the water).  At most, Scarborough's claim amounts to negligence, which is not actionable under § 1983. *See Noble v. Grimes*, 350 F. App'x. 892, 893 (5th Cir. 2009) (affirming dismissal as frivolous of prisoner's § 1983 claim that defendant was deliberately indifferent by failing to correct slippery shower floor); *Beasley v. Anderson*, 67 F. App'x. 242, 242 (5th Cir. 2003) (same); *Mack v. Johnson*, 48 F. App'x. 105, 105 (5th Cir. 2002) (same).

C.    <u>Scarborough fails to state a viable constitutional claim against Sheriff Woods.</u>

Scarborough alleges that Sheriff Woods is liable based on his position as Sheriff and his appointment of Warden Carmouche to RPDC-I.  The United States Court of Appeals for the Fifth Circuit recently reiterated:

> Liability under the doctrine of *respondeat superior* is not cognizable in actions brought pursuant to 42 U.S.C. § 1983. *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 286 (5th Cir. 2002). "Rather, a plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quoting *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003)).  Liability may be found where "supervisory officials implement a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (quoting *Grandstaff v. City of Borger*, 767 F.2d 161, 169, 170 (5th Cir. 1985)).  Furthermore, "[i]n order to establish supervisor liability for constitutional violations committed by subordinate employees, plaintiffs must show that the supervisor act[ed],

> or fail[ed] to act, with deliberate indifference to violations of others' constitutional rights committed by their subordinates." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (quoting *Gates v. Tex. Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008)).

*Ford v. Anderson Cnty., Texas*, 102 F.4th 292, 321 (5th Cir. 2024). Scarborough identifies no unconstitutional policy implemented by Sheriff Woods, nor does he allege personal involvement by the Sheriff. There are no allegations that Sheriff Woods acted with deliberate indifference. According, Scarborough fails to state a viable constitutional claim.

### D.   Scarborough fails to allege deliberate indifference and a physical injury as to certain claims.

Under 42 U.S.C. § 1997e(e): "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than *de minimus* [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Scarborough does not allege that he suffered a physical injury because of Officer T. Holt "slamming" him around in a wheelchair; Nurse Bowie's alleged failure to provide medical care on January 3, 2023; Officer Phipps pressing down on

Scarborough's back or twisting his arm on January 3, 2023; Officer Mark Thomas speaking in a threatening manner; denial of care by Nurse Bowie and Debbie Green; the opening of his mail by Officer Latrell, Ms. Smith, M. Holt, or Ms. Brown; his food being touched by Officer Brisbon; Ms. Rodriguez failing to provide him food on December 2, 2023; Officer Christophe providing dry chicken with peanuts on November 7, 2023; or any actions by Guard Bennett or Lt. Taylor.

Likewise, Scarborough fails to identify a Defendant that allegedly required him to purchase soap in the commissary; allowed inmates to smoke indoors; subjected him to extreme cold and hot temperatures; deprived him of outdoor exercise; subjected him to prolonged isolation; and failed to protect him from catching COVID-19.  ECF No. 1 at 15-20.  Nor does he provide the dates on which these incidents allegedly occurred.  Scarborough fails to allege that any of these allegations involved deliberate indifference or resulted in a physical injury that was more than *de minimis*.

### E.    Scarborough fails to state a viable claim for lack of protection.

To state a constitutional claim for a defendant's failure to protect a pretrial detainee, the detainee must allege: (1) he was subjected to conditions posing a substantial risk of serious harm; and (2) prison officials were deliberately indifferent to his need for protection. *Hare*, 74 F.39 at 648 (citing *Farmer v. Brenna*, 511 U.S. 825, 834 (1994)); *see also Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  A finding of deliberate indifference requires that a jail official "be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  It is neither

expected nor required that jail officials "prevent all inmate-on-inmate violence." *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003).

Scarborough does not allege that prison officials were aware that Inmate Veal posed a threat to him on January 7, 2023, when Inmate Veal stole his shoes and injured him. Scarborough's allegation that he was "set up by the guards" is conclusory and insufficient to state a viable claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citations omitted).

F.   **Scarborough fails to state a viable constitutional claim for alleged "sexual assault" and verbal abuse.**

Scarborough alleges that he was subjected to "sexual assault" when Ms. Morran touched his buttocks during shift change on July 3 and August 3, 3023; when Vicky Messar touched his buttocks on August 25 and November 21, 2023; when Guard Brisbon touched his buttocks on October 18, 2023; and when Officer Latrell touched his buttocks on August 29, 2023. ECF No. 1 at 14, 16.

Courts have recognized that not every allegation of sexual abuse is "objectively, sufficiently serious" for purposes of the Eighth Amendment. *See Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (not every malevolent touch by a prison guard gives rise to a federal cause of action). To state a constitutional claim of sexual harassment, an inmate must allege that, "as an objective matter, the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Fortman v. Gregg Cnty. Sheriff's Office*, 6:24-CV-236, 2024 WL 4729492, at \*2 (E.D. Tex. 2024), *report and recommendation adopted*, 2024 WL 4372675 (E.D. Tex. 2024), *appeal dismissed*, 24-40840, 2025 WL

1577821 (5th Cir. 2025) (citations omitted). That is, the harassment must be "objectively sufficiently serious." *Hayes v. Kroll*, 20-CV-2572, 2021 WL 5494783, at *2 (S.D. Tex. 2021) (citing *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997)).

Many courts have found no constitutional violation where an officer touched an inmate's buttocks. *See Jackson v. Madery*, 158 F. App'x 656, 661–62 (6th Cir. 2005) (allegation of rubbing and grabbing of prisoner's buttocks in a degrading manner did not amount to a constitutional violation); *Cummings v. Bullock*, No. 3:15-CV-2245, 2019 WL 127112, at *6 (M.D. Pa. 2019) (no constitutional violation where officer "touched Plaintiff's buttocks through his pants and made a suggestive comment"); *Williams v. Anderson*, 03-CV-3254, 2004 WL 2282927, at *1, *4 (D. Kan. 2004) (no constitutional violation where prison guard grabbed plaintiff's buttocks, exposed his penis to plaintiff, and made crude sexual remarks); *Kaestner v. Mitchell*, 1996 WL 428357, at * 1 (N.D. Cal. 1996) (finding no violation where guard stood unnecessarily close to plaintiff and grabbed his buttocks). And although Scarborough alleges the touching of his buttocks happened several times, his claim is not sufficiently serious to state a constitutional violation. *See Montero v. Crusie,* 153 F.Supp.2d 368, 375 (S.D.N.Y. 2001) ("several" instances of squeezing of an inmate's penis, with no allegation of injury, is not sufficiently serious); *Joseph v. United States Fed. Bureau of Prisons*, 232 F.3d 901, at *1–2 (10th Cir. 2000) (table opinion) (no constitutional violation where inmate alleged that a guard "touched him several times in a suggestive manner and exposed her breasts to him"). In this Court, a claim that a guard rubbed an inmate's "knee and thigh in a sexual manner" and offered to

have the inmate brought to his office later that night—an incident alleged to make the inmate feel "degraded, humiliated, and mentally distressed" despite lasting only "for a fleeting moment in time"—was considered frivolous. *Petry v. Couvillon*, 09-CV-1960, 2010 WL 2710395, at \*5 (W.D. La. 2010), *report and recommendation adopted*, 2010 WL 2710392 (W.D. La. 2010). Accordingly, Scarborough fails to state a viable constitutional claim against Defendants Morran, Messar, Brisbon, and Latrell.

G. **Scarborough fails to state a viable claim against Detectives Shelby Anderson and John Skrobareck, District Attorney Kelvin Sanders, Judge Mary Doggett, and attorney, Eric Talley.**

Scarborough alleges that Detectives Shelby Anderson and John Skrobareck illegally "put a hold" on him and slandered his name at his preliminary examination. *Id.* at 21. Scarborough provides no facts to support his conclusion that Defendants wrongfully detained him. Legal conclusions are not entitled the assumption of truth under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Furthermore, allegations of "slander" fail to state a viable claim under § 1983. *See Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980) (noting that slander and libel are not rights secured by the Constitution or laws of the United States).

Scarborough also complains that District Attorney Sanders and Judge Doggett deprived him of the right to a speedy trial and improperly detained him. To the extent that Scarborough seeks enforcement of his right to a speedy trial, such relief is not available in a civil rights action. Scarborough may seek the enforcement of his right to a speedy trial through a petition under 28 U.S.C. § 2241 after exhausting the claim in state court. *See Dickerson v. Louisiana*, 816 F.2d 200, 224 (5th Cir. 1987).

Additionally, criminal prosecutors have absolute immunity from claims for money damages under § 1983 based upon actions taken in the presentation of a criminal case. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488–89 (1973) ("Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process."); *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993); *Hamilton v. Texas*, 1:24-CV-356, 2024 WL 5066080, at *2 (E.D. Tex. Oct. 2024), *report and recommendation adopted*, 2024 WL 5063661 (E.D. Tex. 2024). Likewise, judges have absolute judicial immunity to claims for money damages based upon judicial acts performed in judicial proceedings. *Hamilton,* 2024 WL 5066080, at *2 (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991); *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996)).

Scarborough's claim against his own attorney also fails. Neither private defense counsel nor court-appointed counsel qualify as state actors under § 1983. *See Polk v. Dodson*, 454 U.S. 312, 325 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions); *Miles v. Aldredge*, 795 F. App'x 319 (5th Cir. 2020) (public defender cannot be sued for performing traditional legal functions); *Wallace v. Marshall*, 786 F. App'x 481 (5th Cir. 2019) (affirming dismissal of § 1983 claim against state-appointed attorney): *Combs v. City of Dallas*, 289 F. App'x 684, 687 (5th Cir. 2008) (neither private attorneys nor court-appointed attorneys are official state actors); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (same).

Finally, although Scarborough names Clerk of Court Robin Hooter as a Defendant, he provides no allegations that she committed any unconstitutional actions.

### H.     Scarborough's claims for verbal threats should be dismissed.

Scarborough alleges that Officer M. Holt and Lt. Gordon each threatened him (ECF No. 1 at 10), and he was subjected to verbal abuse by Officer Jones (ECF No. 1 at 14, 16). ECF Nos. 1 at 10; 14 at 1. He also alleges that Defendants Latrell and Messer were each "picking on [him]." ECF No. 1 at 17.

Verbal abuse or harassment, even when it is threatening, does not, without more, violate an inmate's constitutional rights. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) ("Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations."). Scarborough fails to present allegations to support a constitutional violation.

## III.    Conclusion

For the foregoing reasons, IT IS RECOMMENDED that all claims against the following Defendants be DENIED and DISMISSED WITH PREJUDICE under §§ 1915(e)(2)(B) and 1915A: Detective Shelby Anderson, Detective John Skrobareck, District Attorney Kelvin Sanders, Judge Doggett, Eric Talley, Officer Morran, Vicky Messar, Officer Brisbon, Officer Latrell, Officer Jones, Gerald Carmouche, Julie Sasser, Mark Woods, Officer M. Holt, Officer T. Holt, Nurse Bowie, Officer Phipps,

Officer Thomas, Debbie Green, Officer Latrell, Ms. Smith, Mark Thomas, M. Bennett, Lt. Taylor, Robin Hooter, Lt. Gordon, Ms. Brown, Ms. Rodriguez, and K. Christophe. The excessive force claim against Officers Phipps and Fuller regarding the incident of December 24, 2022, will be SERVED pursuant to a separate Order.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, February 23, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE